IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Nathan Christian, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:22-cv-00215-NDF |
| ) | |
| vs. ) | |
| ) | |
| Loyakk, Inc., Loyakk Ltd., Salim Ali, and ) | |
| Sadiq Quasim ) | |
| ) | |
| Defendants. ) | |

**JOINT CASE MANAGEMENT PLAN (PROPOSED)**

**1.** The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

**Response**: Mr. Robert V. Cornish Jr., Esq., Ms. Kristy L. Stanislawczyk, Esq., Mr. Baruch Gottesman, Esq., and Mr. Ryan Semerad, Esq.

**2.** A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response**: Nathan Christian ("Christian"), Loyakk Inc. ("Loyakk U.S."), Loyakk Ltd.("Loyakk U.K."), Salim Ali ("Ali"), and Sadiq Quasim ("Quasim") (all collectively "Defendants"). Loyakk U.S., Ali, and Quasim will collectively be referred to as the "Appearing Defendants" as they are the only defendants who have appeared in this case and are represented by counsel. Loyakk U.S. and Loyakk U.K. will be collectively referred to herein as Loyakk.

As noted in earlier filings, it is the Appearing Defendants' position that Loyakk Ltd. does not exist.

1

3. A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response**: This action involves a strategic advisor/consulting services agreement (the "Contract") between Plaintiff Nathan Christian and Loyakk U.K. in connection with the launch of Loyakk's cryptocurrency venture called the Vega Platform in 2018. In connection with this services agreement, Plaintiff was obligated to provide guidance, advisement, his reputation, and labor to help develop and advance Loyakk's venture in exchange for: a) 10 Ether payable within three business days after end of Loyakk's pre-ICO; b) an additional 100 Ether payable within three business days after the end of Loyakk's ICO; and c) a guarantee of 0.5% of Loyakk's total crypto-token float upon the ICO Completion Date, that being October 31, 2018.

In connection with the Contract, Plaintiff communicated directly with Defendants Salim Ali and Sadiq Quasim who, at times relevant to this proceeding, were employed by both Loyakk Inc. and Loyakk Ltd. Plaintiff alleges that Loyakk failed to render payment in exchange for his services in excess of $198,700 before being voluntarily dissolved without notice to Mr. Christian. Plaintiff's claims include: breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, and negligence.

The Appearing Defendants assert that very little, if any, monies were raised from the Loyakk ICO at any period (pre-ICO, the ICO itself, or post-ICO). Further, Mr. Christian failed to perform the duties required of him under the Contract and in fact did virtually nothing to assist with Loyakk U.K.'s ICO. Thus, Mr. Christian is either barred from recovering under the Contract for lack of performance and/or his recovery should be minimal, if it exists at all.

Further still, the Appearing Defendants maintain general denials to and defenses of all claims in Mr. Christian's Complaint filed on October 6, 2022. (ECF 1).

**4.** A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response**:

Plaintiff Christian has alleged that this Court has diversity jurisdiction over his claims under 28 U.S.C. § 1332 because the parties are citizens of different states/countries and the amount in controversy exceeds $75,000.

Plaintiff Nathan Christian is a United States citizen who resides in Laramie County, Wyoming and has alleged damages in excess of $198,700.

Defendant Loyakk U.S. is a California corporation with its principal place of business in California. Defendant Salim Ali is a United States citizen who resides in California. Defendant Sadiq Quasim is citizen of and resides in the United Kingdom, but at times relevant to this proceeding also resided in California. Defendant Loyakk U.K. is a dissolved private limited company in the United Kingdom.

Appearing Defendants contest the jurisdiction of this Court as well as the amount of damages claimed by Plaintiff.

**5**.    A list of any parties who have not been served, and an explanation of why they have not been served. Also a list of any parties who have been served, but have not answered or otherwise appeared.

**Response**: It is Plaintiff's position that all Defendants in this action have been served. Defendants Loyakk U.S., Ali, and Quasim have been served and answered.

On December 9, 2022 Plaintiff moved this Court to permit alternative service upon Loyakk U.K. (the "Motion for Alternative Service"). (ECF 23). The Honorable Magistrate Judge Kelly H. Rankin granted Plaintiff's Motion for Alternative Service on December 13, 2022. (ECF 25). Pursuant to Judge Rankin's order, Plaintiff served the Wyoming Secretary of State on behalf of Loyakk U.K. on December 16, 2022.[1]  (ECF 28).

On December 27, 2022, Defendant Quasim filed a motion for reconsideration of the alternative service issue (the "Motion for Reconsideration") (ECF 34) which was granted on January 6, 2023. Plaintiff opposed Quasim's Motion for Reconsideration on January 13, 2023 (ECF 39). On February 3, 2023, Judge Rankin denied the Motion for Reconsideration. The same day Plaintiff filed a Notice of Entry for a Default against Loyakk U.K. for failure to answer within twenty-one (21) days.

On February 17, 2023, Defendant Quasim filed a second motion for reconsideration of the alternative service issue (the "Second Motion for Reconsideration"). (ECF 44). Plaintiff opposed the Second Motion for Reconsideration on March 3, 2023. Senior District Judge Nancy D. Freudenthal denied Quasim's Second Motion for Reconsideration on March 27, 2023.

---

1  Plaintiff filed proof of service on the Wyoming Secretary of State on behalf of Loyakk U.K. on December 18, 2023.

**6.** A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response**: Plaintiff does not expect to add additional parties to the case or otherwise amend the pleadings at this time. Notwithstanding the foregoing, Plaintiff reserves the right to add additional parties or otherwise amend the pleadings up and until the deadline set by the Court at the next scheduled conference on July 12, 2023.

**7.** Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement. Note that effective September 2022, **each party – and parties represented by the same counsel – is limited to filing no more than one motion for summary judgment. Parties wishing to file more than one summary judgment motion must first obtain the Court's leave.**

**Response**:

The Appearing Defendants expect to ask this Court to enter summary judgment in their favor and against Mr. Christian as a matter of law on all of Mr. Christian's claims.

**8.** Whether the parties have complied with self-executing routine discovery exchange (initial disclosures) as required by Rule 26(a), and if applicable, the Court's *General Order re Initial Discovery Protocols for Employment Cases Alleging Adverse Action* (available on the Judge's webpage).

**Response**: The Parties have agreed that initial disclosures shall be served contemporaneously with initial written discovery requests to be exchanged on July 18, 2023.

**9.** Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is

5

an issue, whether the parties anticipate any issues with discovery of electronically stored information and whether the discovery should be limited in any manner.

**Response**: The Parties agree to submit a statement of uncontested facts by September 22, 2023 after depositions are taken in this action. The parties do not anticipate issues with discovery of electronically stored information.

**10**.    The status of related cases pending before other courts or other judges of this Court.

**Response**: Not applicable.

**11**.    Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

  **a**.    Date for motions to amend pleadings under Rule 15(a) or to join parties, and to exchange (not file) proposed stipulations of fact to reduce discovery;

  **Response**: September 22, 2023 after significant discovery has been exchanged and depositions have been taken in this action.

  **b**.    Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

  **Response:** October 16, 2023 for Plaintiffs and November 20, 2023 for Defendants

  **c**.    A deadline for the completion of fact discovery;

  **Response:** October 6, 2023

  **d**.    A deadline for filing dispositive motions;

  **Response:** January 19, 2024

  **e**.  A date for a dispositive motion hearing (the parties may choose not to have a hearing, in which case replies will be allowed);

**Response:** February 16, 2024

  **f**.  A date for the final pretrial conference; and

**Response:** March 13, 2024 - March 15, 2024

  **g**.  A date for trial.

**Response**: March-April 2024

**12**.  The estimated length of trial and any suggestions for shortening the trial.

**Response**: Three days

**13**.  The prospects for settlement, including any request of the Court for assistance in settlement efforts.

**Response**: The parties have previously conferred numerous times regarding settlement, however, have been unsuccessful in identifying a path for amicable resolution at this time.

**14**.  Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response**: The parties expect to take depositions virtually.

<u>/s/Robert V. Cornish, Jr.</u>         <u>July 6, 2023</u>
Counsel for Plaintiff(s)         Date

<u>/s/Ryan A. Semerad</u>         <u>July 6, 2023</u>
Counsel for Defendant(s)        Date