Ryan A. Semerad, Esq.
Wyoming Bar No. 7-6270
FULLER & SEMERAD, LLC
242 South Grant Street
Casper, Wyoming 82601
(307) 265-3455
semerad@thefullerlawyers.com

*Attorneys for Defendants Loyakk,
Inc., Salim Ali, and Sadiq Quasim*

**UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING**

| | | |
|---|---|---|
| NATHAN CHRISTIAN, | ) | CASE NO.  22-cv-000215-NDF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LOYAKK, INC., LOYAKK LTD., SALIM ALI, and SADIQ QUASIM, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LOYAKK, INC., SALIM ALI, AND SADIQ QUASIM'S
MEMORANDUM IN SUPPORT OF
*MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS***

Defendants Loyakk, Inc., Salim Ali, and Sadiq Quasim (collectively, "these Defendants"), through counsel, support their *Motion for Partial Judgment on the Pleadings* with the following memorandum of points and authorities.  *See* Local Rule 7.1(b)(2)(A).

**I.      INTRODUCTION**

Loyakk, Inc., Mr. Ali, and Mr. Quasim ask this Court to enter judgment in their favor on Plaintiff Nathan Christian's ("Plaintiff") negligence claim, Count V.  Because Wyoming law does not recognize a claim for negligent nondisclosure and these Defendants did not owe any independent duty to disclose information to Plaintiff regarding the winding up or dissolution of Loyakk Ltd., Plaintiff has failed to state a negligence claim upon which relief can be granted.

1

Loyakk, Inc. further requests judgment in its favor on all of Plaintiff's claims against it because, under Wyoming law, it cannot be held liable on an "alter ego" theory for the alleged misdeeds of its corporate sister. Thus, Plaintiff has also failed to state a claim against Loyakk, Inc. upon which relief can be granted.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are reviewed under the same standard as motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). "Granting a motion for judgment on the pleadings requires the movant to establish an absence of any issue of material fact and entitlement to judgment as a matter of law." *Landmark Am. Ins. Co. v. VO Remarketing Corp.*, 619 F. App'x 705, 708 (10th Cir. 2015) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012)). The Court accepts the nonmoving party's well-pleaded factual allegations as true but is not bound to accept an asserted legal conclusion as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The well-pleaded allegations are construed in the light most favorable to the non-moving party and all reasonable inferences are granted in favor of the same. *Ramirez v. Dept. of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

## III.   THIS COURT SHOULD CONSIDER THIS MOTION

The pleadings closed on either January 26, 2023, when these Defendants filed answers to Plaintiff's Complaint, *see* ECF Nos. 40, 41, or on April 24, 2023, when the clerk of the court entered a default against the only non-appearing/non-answering defendant, Loyakk Ltd. The

deadline to amend the pleadings expired on September 22, 2023.  *See Order on Initial Pretrial Conference* (ECF No. 65) at 3.  Trial is not set until March 8, 2024.  *Id.* at 9.

First, these Defendants' Rule 12(c) motion is timely as the pleadings have effectively closed following the clerk of the court's entry of default against the only non-answering defendant, Loyakk Ltd.  *See* ECF No. 62.

In general, the pleadings are not "closed" in a multi-defendant lawsuit until all defendants file an answer.  *See Santa Fe All. for Pub. Health & Safety v. C. of Santa Fe*, 993 F.3d 802, 809 n.3 (10th Cir. 2021); *see also Gorenc v. Klaassen*, No. 18-2403-DDC-JPO, 2019 U.S. Dist. LEXIS 102103, 2019 WL 2523566, at *2 (D. Kan. Jun. 19, 2019) (collecting authorities holding that the pleadings are not "closed" until all defendants file an answer).  Still, "courts have exercised their discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result."  *Noel v. Hall*, No. CV99-649-AS, 2005 WL 2007876, at *3 (D. Or. Aug. 16, 2005)); *see also See Habeeba's Dance of the Arts, Ltd. v. Knoblauch*, Case No.2:05-cv-926, 2006 U.S. Dist. LEXIS 18114, at *5-*6 (S.D. Ohio Apr. 10, 2006); *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1993); *Jung v. Ass'n of Am. Med. Coll.*, 339 F. Supp. 2d 26, 35–36 (D. D.C. 2004).

Here, this Court should exercise its discretion to consider these Defendants' 12(c) motion because no prejudice to any party would result.  Plaintiff has already sought and obtained a default against the only named defendant who has not filed an answer—Loyakk Ltd.  *See* ECF Nos. 61-62.  Plaintiff will not therefore suffer any prejudice should this Court entertain a Rule 12(c) motion on the merits at this stage.  And the non-answering defendant, Loyakk Ltd., will never appear and file an answer as it no longer exists.  This Court need not wait for Godot.

If the default entered against Loyakk Ltd. is not enough to consider the pleadings "closed" for purposes of a Rule 12(c) motion, then these Defendants (and similarly situated defendants in other cases) will be prejudiced by the artificial winnowing of their procedural defenses caused by another party. To prevent similar procedural defects barring otherwise valid Rule 12(c) motions, other courts have recognized they possess discretion to consider Rule 12(c) motions even when every defendant has not filed an answer. *See, e.g., Moran*, 825 F. Supp. at 894 ("In this case, however, defendant Blue Cross has not been served; accordingly, the pleadings may be treated as closed for purposes of this motion; as Blue Cross is not yet a party, the disposition of this motion can have no effect on them. <u>A contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant.</u>").

Equity also favors this Court's exercise of discretion to consider this motion. If these Defendants lack standing to raise issues related to or on behalf of another party (Loyakk Ltd.), *see, e.g.,* ECF No. 59 at 3-5, then this other party's nonappearance and failure to defend itself should not vitiate these Defendants' current efforts to defend themselves with tools prescribed by the Federal Rules of Civil Procedure.

Second, this Rule 12(c) motion is not prohibited by Rule 12(g)(2)'s bar on successive Rule 12 motions. This motion turns on Plaintiff's failure to state a claim upon which relief can be granted. *See infra* Part IV. "[A]lthough Rule 12(g)(2) precludes successive motions under Rule 12, it is expressly subject to Rule 12(h)(2), which allows parties to raise certain defenses, <u>including the failure to state a claim upon which relief may be granted</u> . . . by a motion for judgment on the pleadings under Rule 12(c)." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 701 (10th Cir. 2014) (emphasis added); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1385 (3d ed., Apr. 2017 update) ("However, even though a Rule

4

12(b) motion has been made and a second Rule 12(b) motion is not permitted, the three defenses listed in Rule 12(h)(2) may be raised on a motion under Rule 12(c) for judgment on the pleadings. . . ."); *accord. Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1101–02 (10th Cir. 2017). Thus, this Court may consider this motion on the merits under Rule 12(h)(2)(B).

## IV. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S NEGLIGENCE CLAIM

Defendants are entitled to judgment on Plaintiff's negligence claim because Wyoming law does not recognize a claim for negligent nondisclosure. Further, Defendant Loyakk, Inc. is entitled to judgment as a matter of law on each of Plaintiff's remaining claims against it because it cannot be held liable under an alter ego theory for the wrongdoings of a sister entity over which it has no ownership or control. Accordingly, this Court should enter judgment on the pleadings in favor of Defendants on Plaintiff's negligence claim and judgment on the pleadings in favor of Loyakk, Inc. on each of Plaintiff's remaining claims.

### a. *Wyoming law governs Plaintiff's negligence claim*

As Plaintiff has pled in his Complaint, *see* Complaint (ECF No. 1) at 5 (¶¶ 10-11), and this Court has previously recognized, *see Opinion and Order on Motions to Dismiss* (ECF No. 38) at 33-38, Wyoming law governs Plaintiff's claims, including his negligence claim.

"In diversity cases, a federal court applies the choice-of-law rules of the state in which the federal court sits." *Tolman v. Stryker Corp.*, 926 F. Supp. 2d 1255, 1257-58 (D. Wyo. 2013) (citing *Mem'l Hosp. of Laramie Cnty. V. Healthcare Realty Tr. Inc.*, 509 F.3d 1225, 1229 (10th Cir. 2007)). "Because this Court sits in Wyoming, the Court applies Wyoming's choice-of-law rules." *See id.* at 1258.

As to tort claims like negligence, "Wyoming applies the traditional choice-of-law rule *lex loci delicti*: The substantive law of the place where the injury occurred governs." *Id.* (citing *Duke v. Housen*, 589 P.2d 334, 341 (Wyo. 1979) ("[T]he law of the place where the plaintiff sustains injury to her person controls.")). "The law of the place where the tort or wrong was committed is the law that governs and is to be applied with respect to the substantive phases of torts or the actions therefor." *Archuleta v. Valencia*, 871 P.2d 198, 200 (Wyo. 1994).

"The rule of *lex loci delicti* is based on the 'vested rights' doctrine" as reflected in the First Restatement of Conflict of Laws. *Tolman*, 926 F. Supp. 2d at 1258 (quoting 16 Am. Jur. 2d Conflict of Laws § 108 (2009)). "The First Restatement says that '[t]he law of the place of wrong' determines the substantive law that applies in torts." *Id.* (quoting Restatement (First) of Conflict of Laws § 378 (1934)). "The First Restatement defines <u>place of wrong</u> as 'the state where the last event necessary to make an actor liable for an alleged tort takes place.'" *Id.* at 1258-59 (quoting Restatement (First) of Conflict of Laws § 377 (1934)) (Emphasis in the original).

"[A] a tort is not complete and actionable until all the elements, duty, breach, proximate cause, and damage, are present." *Davis v. Casper*, 710 P.2d 827, 829 (Wyo. 1985). Thus, the tort is only complete once a plaintiff has suffered some damage. *See id.* ("[Appellants] believe that a tort can occur without damage. In our recent decision in *Anderson v. Bauer*, Wyo., 681 P.2d 1316, 1321 (1984), we held otherwise."). And, when "the tortious act and the resulting injury occur in different [jurisdictions], the substantive law of the [jurisdiction] <u>where the injury occurred</u> is controlling." *Tolman*, 926 F. Supp. 2d at 1259 (emphasis added). Thus, under Wyoming's choice-of-law doctrine, the law of the jurisdiction in which the plaintiff suffered damages applies in negligence cases. *See id.* at 1258 (following *Davis*).

6

Here, Plaintiff claims stem from his contractual relationship with Loyakk Ltd. and the interactions he had with Mr. Quasim and Mr. Ali related to his contract with Loyakk Ltd. Plaintiff resides in Wyoming. *See* Complaint (ECF No. 1) at 1-2 (¶ 1). Plaintiff alleges he has suffered damages in the form of Defendants' nonpayment of monies owed to him under a contract. *See, e.g., id.* at 16 (¶ 49). Plaintiff alleges identical damages for his negligence claim. *See id.* at 21 (¶ 77). Thus, Plaintiff allegedly suffered damages from Defendants' negligence at the location of nonpayment, which was his home state of Wyoming. *See id.* at 1 (¶ 1) ("Plaintiff Nathan Christian is a United States citizen who resides in Laramie County, Wyoming."). Consequently, Wyoming law governs his negligence claim.

### b. *Wyoming law does not recognize a claim for negligent nondisclosure*

Wyoming law does not recognize the tort of negligent nondisclosure. Plaintiff's negligence claim hinges on these Defendants' failure to disclose certain information to him. Thus, Plaintiff has failed to state a negligence claim upon which relief can be granted.

Plaintiff alleges that Defendants negligently failed to give Plaintiff actual or effective notice of Loyakk Ltd.'s dissolution. *See, e.g.,* Complaint (ECF No. 1) at 11-16 (¶¶ 33-48), 20-21 (¶¶ 75-76). Plaintiff alleges that Defendants "breached their duty of reasonable care to [Plaintiff] and acted carelessly, negligently, and/or recklessly in failing to notify [Plaintiff] of the and by failing to adequately compensate [Plaintiff] during the dissolution [of Loyakk Ltd.]." *Id.* at 20-21 (¶ 75). To this end, Plaintiff alleges "[h]ad Defendants exercised any modicum of reasonable care as the law requires, Defendants would have notified [Plaintiff] of the possible dissolution and paid [Plaintiff] the sum that remains due and owing." *Id.* at 21 (¶ 77).

Whether it is alleged as a nondisclosure or a misrepresentation, "nondisclosure" is not actionable as a negligence claim under Wyoming law. *See Claman v. Popp*, 2012 WY 92, ¶ 40

n.1, 279 P.3d 1003, 1015 (Wyo. 2012) ("Wyoming does not recognize a claim for negligent nondisclosure, and because no representation is made in the case of a nondisclosure, a nondisclosure cannot support a claim for negligent misrepresentation."); *Throckmartin v. Century 21 Top Realty*, 2010 WY 23, ¶ 26, 226 P.3d 793, 808 (Wyo. 2010) ("[N]ondisclosure would not give rise to negligent misrepresentation, because 'a nondisclosure of information cannot support a claim of misrepresentation, since nothing has been represented or misrepresented. An essential element of the claim is missing.'" (quoting *Hulse v. First Am. Title Co.*, 2001 WY 95, ¶ 53, 33 P.3d 122, 138 (Wyo. 2001))).  In fact, Wyoming law does not recognize a claim for negligent nondisclosure at all.  *See Sundown, Inc. v. Pearson Real Est. Co.*, 8 P.3d 324, 331-32 (Wyo. 2001).

The Supreme Court of Wyoming has "<u>always</u> been very cautious and deliberate in deciding whether to adopt new causes of action." *Kibbee v. First Interstate Bank*, 2010 WY 143, ¶ 56, 242 P.3d 873, 992 (Wyo. 2010) (emphasis added).  The Supreme Court of Wyoming has also been "rightfully hesitant to find tort causes of actions where a contract exists." *Lee v. LPP Mortg. Ltd.*, 2003 WY 92, ¶ 27, 74 P.3d 152, 162 (Wyo. 2003) (citing *Hulse v. First Amer. Title Co.*, 2001 WY 95, ¶¶ 43, 55, 33 P.3d 122, 136, 139 (Wyo. 2001)).  Plaintiff does not allege any reason for expanding Wyoming tort law to cover his claims here.

Because nondisclosure is not an actionable tort under Wyoming law, Plaintiff has failed to state a negligence claim upon which relief can be granted.  Thus, these Defendants are entitled to judgment as a matter of law on Plaintiff's negligence claim.

Now, perhaps, Plaintiff will argue that these Defendants owed him a special duty to disclose information about Loyakk Ltd.'s dissolution.  In that case, Plaintiff is mistaken.

Plaintiff only alleges a garden variety contractual relationship with Loyakk Ltd.  *See* Complaint (ECF No. 1) at 6-11 (¶¶ 14-32).  By extension (and without conceding Plaintiff's alter

ego theory), these Defendants too only have a basic contractual relationship with Plaintiff. Absent a special or confidential relationship, a one-off contractual relationship does not impose heightened, tort-like or quasi-fiduciary duties on any contracting party. *See Wilcox v. Sec. State Bank*, 2023 WY 2, ¶ 59, 523 P.3d 277, 292 (Wyo. 2023); *see also Lee v. LPP Mortg. LTD*, 2003 WY 92, ¶¶ 24-25, 74 P.3d 152, 162 (Wyo. 2003) (recognizing that quasi-fiduciary relationships like "a confidential relationship or other similar duty of trust and confidence" are "extraordinary and not easily created" and "cannot be the product of wishful thinking").

To be sure, Plaintiff does allege that he "functioned as a confidant, advisor, and dealmaker for Defendants." *See* Complaint (ECF No. 1) at 10 (¶ 27). Yet that allegation would, if anything, place a heightened duty of care <u>on him</u> in his relationship with Defendants not the other way around. *See, e.g., Lee*, ¶ 30, 74 P.3d at 163 ("Certainly a lender could incur additional duties by conduct that creates a special or fiduciary relationship.").

Simply put, because Plaintiff alleges nothing other than an arm's-length contractual relationship between himself and these Defendants, he can neither claim these Defendants owed him any heightened duties nor that they breached any such duties. *See id.*, ¶¶ 24-25, 74 P.3d at 162.

Now, perhaps, Plaintiff will counter that he really intended to assert a breach of fiduciary duty claim against Loyakk, Inc., Salim Ali, and Sadiq Quasim as principals of an insolvent corporation who owe fiduciary duties to him as a creditor of that insolvent corporation. *See, e.g., Mantle v. North Star Energy & Constr. LLC*, 2019 WY 29, ¶ 138, 437 P.3d 758, 802 (Wyo. 2019) (collecting cases). If so, these Defendants are entitled to judgment on Plaintiff's pleadings because he did not plead this claim at all. Still, even had Plaintiff alleged this claim, this claim would also fail as a matter of law.

First, according to Plaintiff's rendition of the facts, Loyakk, Inc. is not and was not a principal or director of Loyakk Ltd. and did not own, in part or in whole, Loyakk Ltd.  *See* Complaint (ECF No. 1) at 2 (¶ 2), 3 (¶ 4).  So Loyakk Inc. would have no fiduciary duties to Plaintiff (or any third parties with business ties to Loyakk Ltd.) as a principal, director, or owner of Loyakk Ltd.

Second, taking Plaintiff's allegations as true (as we must) and assuming that both Salim Ali and Sadiq Quasim are/were principals or directors of Loyakk Ltd., "individual *creditors* of an *insolvent* corporation have no right to assert direct claims for breach of fiduciary duty against corporate directors."  *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 103 (Del. 2007) (emphasis added); *accord. Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) ("[C]reditors of an insolvent corporation can almost never bring a direct action for breach of fiduciary duty.").  A creditor's claim against a principal or director of an insolvent corporation for breach of fiduciary duty "belong[s] to the corporation itself because even if the improper acts occur when the firm is insolvent, they operate to injure the firm in the first instance by reducing its value, injuring creditors only indirectly by diminishing the value of the firm and therefore the assets from which the creditors may satisfy their claims."  *Mantle*, ¶ 139, 437 P.3d at 802 (quoting *Gheewalla*, 930 A.2d at 102).  Thus, a claim for breach of fiduciary duty to a creditor of an insolvent corporation must be brought derivatively, if at all.  *See id.* (citing *Gheewalla*, 930 A.2d at 94).[1]

---

[1] *See also Sanford v. Waugh & Co.,* 328 S.W.3d 836, 846 (Tenn. 2010) ("We agree with and adopt the Delaware Supreme Court's reasoning and holding in *Gheewalla*."); *Christians v. Grant Thornton, LLP*, 733 N.W.2d 803, 809 (Minn. Ct. App. 2007) (stating that Minnesota law does not conflict with *Gheewalla*'s holding and citing Delaware law as "more clearly developed" on the issue); *Metcoff v. Lebovics*, 51 Conn. Supp. 68, 977 A.2d 285, 290 (Conn. Super. Ct. 2007) ("[T]he reasoning of [*Gheewalla*] is persuasive and dispositive . . . ."); *GoHealth, LLC v. Simpson*, 2013 U.S. Dist. LEXIS 167416, 2013 WL 6183024, at *5 (N.D. Ill., Eastern Div. 2013) ("[T]he Illinois Supreme Court would likely adopt the holding and reasoning of *Gheewalla*"); *accord. Sullivan v. Pike & Susan Sullivan Found.*, 2018 WY 19, ¶ 22, 412 P.3d 306, 312

Good reasons exist for limiting this species of corporate creditor claims to derivative actions only. As the Delaware Supreme Court put it, if a creditor's breach of fiduciary duty claim could be prosecuted against a director or principal <u>directly</u>, this potential liability "would create uncertainty for directors who have a fiduciary duty to exercise their business judgment in the best interest of the insolvent corporation." *Gheewalla*, 930 A.2d at 102. "To recognize a new right for creditors to bring direct fiduciary claims against those directors would create a conflict between those directors' duty to maximize the value of the insolvent corporation for the benefit of all those having an interest in it, and the newly recognized direct fiduciary duty to individual creditors. Directors of insolvent corporations must retain the freedom to engage in vigorous, good faith negotiations with individual creditors for the benefit of the corporation." *Id.*

Here, Plaintiff has not brought any derivative claims on behalf of Loyakk Ltd. *See generally* Complaint (ECF No. 1). Instead, Plaintiff has only pled direct claims against Loyakk Ltd. and these Defendants. *See generally id.* But Plaintiff cannot prosecute a breach of fiduciary duty claim as a creditor of an insolvent corporation as a <u>direct claim</u>. *See Mantle*, ¶ 139, 437 P.3d at 802; *see also Gheewalla*, 930 A.2d at 102. His recourse for this claim is limited to a derivative action brought on behalf of the insolvent corporation itself—Loyakk Ltd. And, though Wyoming law on the subject is "limited," the Supreme Court of Wyoming has "never strayed from the rule that derivative injuries must be remedied by derivative actions" such that a trial court is without discretion to allow a direct action to remedy derivative injuries. *See Fritchel v. White*, 2019 WY 117, ¶ 22, 452 P.3d 601, 606 (Wyo. 2019) (citing *Mantle*, ¶ 152, 437 P.3d at 806–07).

---

(Wyo. 2018) ("[W]hen the director (or shareholder or member) seeks to remedy an injury to the corporation rather than himself, the action is derivative in nature.").

For all these reasons, Defendants Loyakk, Inc., Mr. Ali, and Mr. Quasim are entitled to judgment as a matter of law on Plaintiff's negligence claim because Plaintiff has failed to state a negligence claim upon which relief can be granted under Wyoming law.

## V.   LOYAKK, INC. IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S REMAINING CLAIMS

Plaintiff has separately failed to state a claim against Loyakk, Inc. upon which relief can be granted. Plaintiff only claims that Loyakk, Inc. is liable because of the acts or failures of Loyakk Ltd. That is, Plaintiff alleges that Loyakk, Inc. has "alter ego" liability for the misdeeds of its sister corporation, Loyakk Ltd. But Wyoming law prohibits imposing alter ego liability among sister corporations where the alleged "alter ego" sister corporation neither owns nor controls the alleged wrongdoing corporation.

Plaintiff did not allege that Loyakk, Inc. owns or controls Loyakk Ltd. *See* Complaint (ECF No. 1) at 2 (¶¶ 2-3), 3 (¶ 4). By contrast, Plaintiff affirmatively alleges that Loyakk Ltd. was controlled by Sadiq Quasim and Salim Ali only. *See id.* at 3 (¶ 4). And the only director of Loyakk Ltd. is, according to Plaintiff's Complaint, Sadiq Quasim. Exhibit 6 to Complaint (ECF No. 1-2) at 51.

Every cause of action alleged by Plaintiff turns, in some way, on Loyakk Ltd.'s failure to pay Plaintiff in accordance with the Advisor Contract. *See* Complaint (ECF No. 1) at 16-21 (¶¶ 50-77). Plaintiff only alleges that Loyakk, Inc. shares in the liability for these claims because "Loyakk U.S. [Loyakk, Inc.] and Loyakk U.K. [Loyakk Ltd.] . . . were, at all times relevant to these proceedings, alter egos of one another in that they were related to each by shareholdings, were under common ownership, confederated in their business affairs, or were otherwise controlled by Sadiq Quasim and Salim Ali." *Id.* at 3 (¶ 4).

At the same time, Wyoming law precludes imposing alter ego liability on one business entity for alleged wrongdoing committed by its sister entity. *See Mantle*, ¶¶ 133-135, 437 P.3d at 800–01; *see also Minno v. Pro-Fab, Inc.*, 121 Ohio St. 3d 464, 2009-Ohio 1247, 905 N.E.2d 613, 617 (Ohio 2009) ("When 'two or more corporations [are] controlled by the same, or substantially the same, owners,' the corporations are called 'sisters.'" (quoting Black's Law Dictionary 368 (8th ed. 2004) (alteration in original)). "A corporation's veil may not be pierced in order to hold a second corporation liable for the corporate misdeeds of the first when the two corporations have common individual shareholders but neither corporation has any ownership interest in the other[.]" *Id.*, ¶ 134, 437 P.3d at 801 (quoting *Minno*, 905 N.E.2d at 617). "In contrast to a shareholder's ownership of a corporation or a parent corporation's ownership of another corporation, the common shareholder ownership of sister corporations does not provide one sister corporation with the inherent ability to exercise control over the other. Any wrongful act committed by one sister corporation might have been instigated by the corporation's owners, but it could not have been instigated by the corporation's sister." *Id.* (quoting *Minno*, 905 N.E.2d at 617).

In short, Plaintiff cannot state a claim against Loyakk, Inc. for the alleged misdeeds of Loyakk Ltd. simply because the two companies are sister corporations. And Plaintiff has not alleged any other facts that transcend the mere sisterhood of these entities (their common ownership or controllers) to ascribe ownership or control <u>over</u> Loyakk Ltd. <u>by</u> Loyakk, Inc. such that the latter corporation can be held legally responsible for the alleged bad acts of the former. For these reasons, Loyakk, Inc. is entitled to judgment as a matter of law on all claims alleged against it by Plaintiff on an alter ego theory of liability.

Because Plaintiff's only claims Loyakk, Inc. is liable as an alter ego of Loyakk, Ltd. and because such a theory is foreclosed by Wyoming law, this Court should grant judgment as a matter

of law on Plaintiff's pleadings in Loyakk, Inc.'s favor on all of Plaintiff's claims against Loyakk, Inc.

## VI.   CONCLUSION

For the reasons identified above, these Defendants move this Court for an order entering judgment on the pleadings in their favor on Plaintiff's negligence claim and Loyakk, Inc. separately requests an order entering judgment in its favor on <u>all</u> of Plaintiff's remaining claims against it.

Dated: September 26, 2023.                    Respectfully submitted,

/s/ Ryan A. Semerad
Ryan A. Semerad, Esq.
Wyoming Bar No. 7-6270
FULLER & SEMERAD, LLC
242 South Grant Street
Casper, Wyoming 82601
(307) 265-3455
semerad@thefullerlawyers.com

*Attorneys for Defendants Loyakk, Inc., Salim Ali, and Sadiq Quasim*

**CERTIFICATE OF SERVICE**

      I certify that on the 26th day of September, 2023, I electronically filed the above instrument with the Clerk of the Court for the United States District Court for the District of Wyoming by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                  */s/Ryan A. Semerad*
                                                  The Fuller & Semerad Law Firm