Robert V. Cornish, Jr.
**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
Wyoming Attorney No.: 6-3898
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Office: (307) 264-0535
Email: rcornish@rcornishlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NATHAN CHRISTIAN,<br><br>       Plaintiff,<br><br>  v.<br><br>LOYAKK, INC., LOYAKK LTD., SALIM ALI, AND SADIQ QUASIM<br><br>       Defendants. | Civil Action No. 2:22-cv-215<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

  Plaintiff Nathan Christian hereby respectfully submits this Opposition to Defendants Loyakk, Inc., Salim Ali, and Sadiq Quasim's Motion for Partial Judgment on the Pleadings. ECF No. 70.

1

# **INTRODUCTION**

After the Court denied in part Defendants' Motions to Dismiss Plaintiff's Complaint, Defendants now move for partial judgment on the pleadings. Plaintiff's Complaint evinces several disputes of material fact which preclude granting any aspect of Defendants' Motion.

First, Defendants seek to improperly utilize the Federal Rules of Civil Procedure to request reconsideration of arguments that the Court already considered and rejected when ruling on Defendants' motions to dismiss Plaintiff's Complaint.

Notwithstanding, Defendant Loyakk, Inc. contends that its Motion should be granted because Plaintiff has not made a *prima facie* showing to impose liability against it for Loyakk Ltd.'s conduct. Defendant's argument is not well-taken. The Court issued an opinion on the motions to dismiss acknowledging the various issues of fact which support imposing liability against Loyakk, Inc. under agency and/or alter ego liability theories, including allegations regarding individual Defendants acting as agents of both Loyakk entities, dissolving Loyakk Ltd., and diverting Loyakk Ltd.'s assets to either themselves or other entities they control.

Defendants also move for dismissal of Plaintiff's negligence claim against them because Wyoming law does not recognize a claim for negligent nondisclosure. Regardless, Defendants owed Plaintiff an independent duty to notify him—as a creditor—of the dissolution and winding up of Loyakk, Ltd., which they breached. Even if the contract and negligence claims were not independent of one another, Defendants unequivocally dispute that they stand in the shoes of Loyakk, Ltd. with respect to its breach of the Agreement. Therefore, Plaintiff is allowed to assert alternative theories of recovery under contract and tort claims at this time.

**ARGUMENT**

I. **Legal Standard**

"A judgment on the pleadings is appropriate if all material allegations of fact are admitted in the pleadings and only questions of law remain." *Newport Int'l Univ., Inc. v. Wyo. Dep't of Educ.*, 2008 WY 72, ¶ 12, 186 P.3d 382, 386 (Wyo. 2008) (quotations omitted). "The facts are reviewed in the light most favorable to the party opposing the motion and the motion is granted only if 'those facts dictate that judgment should be entered as a matter of law.'" *Id.* (quoting *Wilson v. Town of Alpine*, 2005 WY 57, ¶ 4, 111 P.3d 290, 291 (Wyo. 2005)). "If an issue of fact exists, [a] motion [for judgment on the pleadings] should not be granted." *Ecosystem Res., L.C. v. Broadbent Land & Res.*, L.L.C., 2007 WY 87, ¶ 8, 158 P.3d 685, 687 (Wyo. 2007).

II. **Defendants' Motion is an Improper Attempt to Seek Reconsideration of Arguments Already Raised and Rejected in Their Previous Motions to Dismiss**

Defendants improperly seek a second bite of the apple. Defendant Loyakk, Inc. already moved to dismiss Plaintiff's Complaint on the basis that it failed to state a claim for relief under the alter ego theory of liability, and Defendants already moved to dismiss Plaintiff's negligence cause of action under Fed. R. Civ. P. 12(b)(6). As Defendants noted in their brief, motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are reviewed under the same standard as motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). While Defendants may raise the defense of failure to state a claim upon which relief may be granted in a motion for judgment on the pleadings despite already moving to dismiss, they are not permitted to raise the same arguments that the Court already rejected in their motions to dismiss. The court in *In re Toyota Motor Corp. Sec. Litig.*, No. 10-922 DSF (AJWx), 2012 U.S. Dist. LEXIS 124055, *1-2 (C.D. Cal. Feb. 21, 2012) described this distinction thoroughly when those defendants raised duplicative issues in their motions:

3

Defendants' motion for judgment on the pleadings addresses matters previously raised in their motion to dismiss, and decided—either explicitly or by necessary implication—in the Court's resolution of that motion. The Court views this motion as an **untimely request for reconsideration rather than an independent motion for judgment on the pleadings that raises new issues**. While the Court is not barred from reexamining the issues raised in the instant motion, see Fed. R. Civ. P. 54(b), the Court sees no reason to do so. Judicial economy would be undermined by allowing parties an unlimited right to revisit issues raised in Rule 12(b)(6) motions via Rule 12(c) motions. Rule 12(g) and Rule 12(h)(2) allow a party to raise a failure to state a claim in a Rule 12(c) motion without having waived the argument by failing to file a motion prior to answering the complaint. **They do not provide an unfettered grant to seek reconsideration of arguments already raised and lost in a previous Rule 12(b)(6) motion.**

In this case, Loyakk, Inc. devoted an entire section of its motion to dismiss to its arguments that (i) the Complaint lacked plausible and/or non-conclusory allegations that support holding it liable for Loyakk Ltd.'s alleged torts and (ii) identical management and cooperation between distinct companies was insufficient to impose liability on a corporate subsidiary and/or sister company. ECF 9 at 12-15. In the Opinion and Order on the motions to dismiss, Judge Freudenthal analyzed how and why Plaintiff's Complaint alleged significant facts to make a *prima facie* showing that all defendants were alter egos of Loyakk Ltd., including allegations regarding individual Defendants acting as agents of both Loyakk entities., dissolving Loyakk Ltd., and diverting Loyakk Ltd.'s assets to either themselves or other entities they control. ECF 38 at 31-32. The Court considered and rejected this argument, and Loyakk, Inc. provides no rationale for why it should be reconsidered.

Similarly, all Defendants previously moved for dismissal of Plaintiff's negligence claim for failure to state a claim upon which relief can be granted. ECF 8 at 17-18; 9 at 14-15; 17-1 at 19. The court considered these arguments, but denied Defendants' motions as to this cause of action. ECF 38 at 40-41. Defendants should not be provided a second bite at the apple after failing to support their arguments with relevant case law.

### III. Defendants' Motion Should Be Denied Because Plaintiff's Complaint Reveals Several Issues of Material Fact to Hold Defendant Loyakk, Inc. Liable for Loyakk Ltd.'s Conduct Under Alter Ego and/or Agency Theories of Liability

Defendant Loyakk, Inc. asserts Plaintiff's claims should be dismissed for failure to allege that Loyakk, Inc, as the sister corporation, owns or controls Loyakk Ltd. ECF 70 at 12. Defendant further states Plaintiff has not alleged "other facts that transcend the mere sisterhood of these entities to ascribe ownership or control over Loyakk Ltd. by Loyakk, Inc.," to hold Loyakk, Inc. liable for Loyakk Ltd.'s bad acts. ECF 70 at 13. Defendant could not be further mistaken.

Defendant's Motion completely neglects to mention Plaintiff's well-articulated agency theory of liability between and among Defendants. The Complaint alleges Defendants Ali and Quasim functioned as employees, officers, and/or agents of not only each other, but also the Loyakk entities in numerous ways. For example, Salim and Ali held officer, director, and advisor positions at both entities, were both actively involved in engaging Plaintiff and negotiating their Agreement, and later both supervised and managed the winding up of Loyakk Ltd. despite knowing of Loyakk Ltd.'s outstanding debt to Plaintiff, while lulling Plaintiff with promises to pay in the near future. ECF 1 at ¶¶ 5-6, 33-42, 48.

With respect to Plaintiff's assertion that the two Loyakk entities are alter egos of one another, the Complaint notes several instances of Defendants intertwining the entities without distinction and exercising control over one another's business affairs:

> Loyakk operated under one brand to promote and solicit sales of Loyakk [Ltd.]'s crypto-token to gain venture capital for the Vega Platform built and developed by Loyakk[, Inc.]. Notably, Loyakk [Ltd.] and Loyakk[, Inc.] both used the same logo, white paper, marketing material, and website address - www.loyakk.io - to promote Loyakk's ICO and Loyakk U.S.'s proprietary software. On information and belief, various marketing materials for the Loyakk brand interchangeably list addresses in California and in the United Kingdom.
>
> . . . .

> Loyakk's website lists both Ali and Quasim as CEO in various location including their "Team" section and news articles. Ali and Quasim further engaged in various news and YouTube interviews regarding Loyakk's proprietary software and ICO. In discussing the ICO and software, Ali and Quasim casually and impliedly refer [to] Loyakk as one company. Ali and Quasim also do not distinguish between Loyakk[, Inc.] and Loyakk [Ltd.]. in their personal or Loyakk's Twitter activity when discussing the Loyakk brand. On information and belief, both Quasim and Ali each maintained email addresses for all Loyakk communications with similar email domain names, those being @loyakk.com and @loyakk.co.uk.

*Id.* at ¶¶ 4, 7. Defendant ignored these factual averments precisely because they support Plaintiff's agency and alter ego liability theories. This is precisely how the two "sister corporations" can be held liable for other's conduct: their employes, agents, and or officers exercised significant control over the other in general business matters and their dealings with Plaintiff.

Defendant's citations to *Mantle v. North Star Energy & Constr. LLC*, 2019 WY 29, ¶ 138, 437 P.3d 758, 802 (Wyo. 2019) and *Minno v. Pro-Fab, Inc.*, 121 Ohio St. 3d 464, 2009-Ohio 1247, 905 N.E.2d 613 (Ohio 2009) do not salvage its weak argument. The complaints in these cases did not present allegations of sister corporations with the same names exercising control over each other during contract negotiation and performance and general business affairs through the same agents, employees, officers, and/or advisors. The appellants in *Mantle* never even alleged *any* control by one corporation over the entity whose veil they sought to pierce. 2019 WY at 135.

Plaintiff's numerous averments demonstrating the ability of Loyakk, Inc. and Loyakk Ltd. to control each other through their agents, employees, and/or officers create issues of material fact as to Loyakk, Inc.'s liability for Loyakk Ltd.'s conduct, thus warranting denial of this Motion.

    **IV.**    **Plaintiff Made a Prima Facie Showing With Respect to His Negligence Claim Which Supports Dismissal of Defendants' Motion**

Although Plaintiff does not dispute that there is no action for negligent nondisclosure under Wyoming law, Plaintiff *does* maintain that Defendants owed him a special duty to notify him of

and disclose information about Loyakk Ltd.'s dissolution and winding up. The failure to comply with that duty is the basis of Plaintiff's negligence claim.

Generally, the economic loss rule "bars recovery in tort when a plaintiff claims purely economic damages unaccompanied by physical injury to persons or property." *Rogers v. Wright*, 2016 WY 10, ¶ 30, 366 P.3d 1264, 1275 (Wyo. 2016) (quoting *Rissler & McMurry Co. v. Sheridan Area Water Supply Joint Powers Bd.*, 929 P.2d 1228, 1234-35 (Wyo. 1996)). Its purpose "is to maintain the distinction between those claims properly brought under contract theory and those which fall within tort principles." *Id.* (quoting *Rissler*, 929 P.2d at 1234-35). It is "founded on the theory that parties to a contract may allocate their risks by agreement and do not need the special protections of tort law to recover for damages caused by a breach of the contract." *Id.* (quoting *Rissler*, 929 P.2d at 1235).

Notwithstanding, tort liability "may still be premised on a duty *independent* of contractual duties." *Rogers*, ¶ 30, 366 P.3d at 1275 (emphasis added) (quoting *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 2010 WY 34, ¶ 19, 228 P.3d 40, 46 (Wyo. 2010)); *see also Rissler*, 929 P.2d at 1235 (noting there may be cases where the rule would not bar a claim for negligent misrepresentation but not where plaintiff contracted to protect against that harm). The court in *Excel* held the rule does not necessarily bar a claim for intentional misrepresentation, subject to the caveat that liability must be premised on a duty independent of contractual duties. 228 P.3d at 48 (citations omitted). "[I]f a Plaintiff can present evidence of distinct, separate losses under an equity or tort theory sufficient to justify recovery beyond breach of contract, then it should be entitled to make a recovery so long as it is not duplicative or cumulative in nature." *Roussalis v. Apollo Elec. Co.*, 979 P.2d 493, 496 (Wyo. 1999) (citation omitted).

Plaintiff premises his negligence claim on an independent injury from his breach of contract claim. The Complaint discussed strike-offs or compulsory dissolutions and explained that when a company is dissolved in the U.K., any property or rights left in the company that were not disposed of prior to dissolution automatically transfer to the English Crown. ECF 1 at ¶ 11. U.K. law prescribes that failure to notify interested parties, such as creditors, when a company is being dissolved is a crime for which company members could face a maximum of seven years of imprisonment. *Id.* at ¶ 38. The Complaint further alleges Ali and Quasim were actively employed by both Loyakk Ltd. in 2019, aware of the publication regarding dissolution of Loyakk Ltd., winded up the company while aware of the outstanding debt to Plaintiff, and either (i) liquidated any and all assets of Loyakk U.K.; (ii) diverted any and all of Loyakk Ltd.'s assets to Loyakk, Inc. or other entities; and/or (iii) left Loyakk Ltd.'s assets to automatically transfer to the English Crown upon dissolution. *Id.* at ¶¶ 41-42.

The duty to notify creditors was prescribed by U.K. law, and Defendants breached that duty in failing to notify Plaintiff of the dissolution and failing to adequately compensate him during the dissolution. As a result, Plaintiff has potentially lost all recourse against Loyakk Ltd. as a now-dissolved company with no remaining assets, to his severe detriment. Plaintiff certainly did not contract to protect against this harm, which is independent from the breach of the Agreement because it arises not out of the Agreement, but other law.

Even if Plaintiff's negligence claim was not premised on an independent duty from the alleged contract claims, Defendants are attempting to have it both ways. Defendants argue that breach of contract claims preclude negligence claims against them, yet at the same time argue that they were not parties to the contract such that Plaintiff cannot recover against them. Defendant misinterprets the law; Plaintiff has the ability to plead claims in the alternative. While Plaintiff

cannot recover under both claims if they are premised on the same facts, abundant questions of fact as to Defendants' role with Loyakk, Ltd. remain. Plaintiff is permitted to prosecute his claims simultaneously until the finder of fact determines Defendants are liable under his breach of contract claims. For these reasons, Defendant Loyakk Inc.'s motion should be denied with respect to the negligence claim.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that:

1. Defendants' Motion For Partial Judgment on the Pleadings be denied in its entirety, or in the alternative, if Defendants' Motion is granted, that Plaintiff be granted leave to amend the Complaint;

2. Plaintiff is granted reasonable attorney's fees and costs for responding to this Motion; and

3. Plaintiff is granted such other and further relief as the Court deems just and proper.

Dated: October 6, 2023

Respectfully Submitted,

/s/ *Robert V. Cornish, Jr.*
Robert V. Cornish, Jr.
Wyoming Attorney No.: 6-3898
**LAW OFFICES OF ROBERT V. CORNISH JR., P.C.**
680 South Cache Street, Suite 100
P.O. Box 12200
Jackson, WY 83001
Office: (307) 264-0535
Email: rcornish@rcornishlaw.com

*Counsel for Plaintiff*